UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60598-RAR

**LOUIS S. TOLL**, *et al.*, *on behalf of themselves and others similarly situated*,

    Plaintiffs,

v.

**FLORIDA POWER & LIGHT COMPANY**,

    Defendant.
_____/

## ORDER ON JURISDICTIONAL DISCOVERY

**THIS CAUSE** comes before the Court upon Plaintiffs' Amended Motion for Remand ("Motion"), [ECF No. 17], filed on April 19, 2023. Defendant filed its Response in Opposition on May 3, 2023. [ECF No. 23]. Plaintiffs filed a Reply on May 11, 2023. [ECF No. 29]. The Court held a hearing on the Motion on June 5, 2023, [ECF No. 39], during which Plaintiffs made an *ore tenus* motion to conduct jurisdictional discovery based on the proposed class definition in the Amended Complaint, [ECF No. 24]. The Court having carefully considered the relevant submissions and applicable law, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' *ore tenus* motion to conduct jurisdictional discovery based on the proposed class definition in the Amended Complaint is **GRANTED** for the reasons set forth herein. The Court will defer ruling on Plaintiffs' Amended Motion for Remand, pending the close of jurisdictional discovery and submission of supplementary briefing.

## BACKGROUND

Plaintiffs, individuals who live in the residential neighborhood of Davis Isles in Dania Beach, Florida, bring this class action against Defendant Florida Power & Light Company ("FPL")

alleging eight temporary and two permanent common law nuisance claims. Am. Compl. ¶¶ 1, 6. Defendant constructed and now operates a power plant, the Dania Beach Clean Energy Center, which is near Plaintiffs' properties. *Id.* ¶¶ 10–12. Plaintiffs' claims are based on Defendant's construction and operation of this power plant. *Id.*

Plaintiffs initially filed this case in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on January 20, 2023. Compl. [ECF No. 1-1]. On March 27, 2023, Defendant removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"). Not. of Removal [ECF No. 1]. On April 19, 2023, Plaintiffs filed their Motion to Remand, which argues that the Court should not exercise jurisdiction under CAFA because this case falls under either of two exceptions to CAFA—the "local controversy" exception and the "discretionary" exception. Mot. at 6, 13. Defendant responds that Plaintiffs have failed to meet their burden of proof that two-thirds of the class members are Florida citizens (*i.e.*, they reside and intend to remain in Florida). Resp. at 7.

On May 6, 2023, Plaintiffs filed an Amended Complaint which altered the proposed class definition. Am. Compl. ¶ 36 [ECF No. 24]. The operative Complaint at the time the case was removed defined the proposed class as: "All individuals living in the 1/3-mile radius (around 540 yards) of FPL's conduct." Compl. ¶ 33. In contrast, the Amended Complaint defines the proposed class as: "Any person or entity with current or prior ownership interest or current or prior possessory interest in a house listed by address in Exhibit N who has suffered an injury or damage resulting from FPL's conduct alleged in Count 1-10 of this Complaint." Am. Compl. ¶ 36. Exhibit N to the Amended Complaint contains a list of 70 addresses. Am. Compl. Ex. N at 1–2. The practical effect of the alteration of the proposed class definition is to exclude a rental building, "The Isles," that Plaintiffs' counsel did not intend to include in the original class and informed Plaintiffs' counsel that it does not intend to participate in this lawsuit. *See* Mot. ¶¶ 21, 26.

At the June 5, 2023 hearing, Plaintiffs' counsel represented that he has collected at least 40 affidavits from class members swearing to their residency and intent to remain in Florida and that counsel intends to continue collecting affidavits to meet the two-thirds requirement of the local controversy exception. Defendant argued during the hearing that these efforts would be fruitless because Plaintiffs must prove the residency of two-thirds of class members as defined in the Complaint at the time the case was removed, which includes potentially hundreds of residents of The Isles apartment complex and current and former residents of a nearby trailer park. Defendant argued in its Response, "[w]ithout properly identifying all of the individuals living within the affected area, Plaintiffs cannot determine the total number of putative class members in the class they defined—much less what percentage of them are Florida citizens." Resp. at 12–13.

Plaintiffs argued during the hearing, however, that they need only prove the residency of two-thirds of class members as defined in Plaintiffs' Amended Complaint, *i.e.*, residents of the 70 houses, not the apartment complex or trailer park. Thus, to determine whether to grant Plaintiffs time to complete jurisdictional discovery, the Court must determine which is the operative class definition for purposes of ascertaining whether the local controversy or discretionary exceptions apply.

**LEGAL STANDARD**

"Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (citing 28 U.S.C. § 1332(d)(2)). Here, there is no question that the Court has original jurisdiction under CAFA. Rather, Plaintiffs argue that the Court should not exercise CAFA jurisdiction due to either of two exceptions for cases that are "truly local in nature." *Id.*

CAFA's local controversy exception "requires a district court to decline to exercise jurisdiction when three requirements are met: (1) greater than two-thirds of the proposed plaintiff class are citizens of the state of filing; (2) at least one 'significant defendant' is a citizen of the state of filing; and (3) the principal injuries were incurred in the state of filing." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1155 (11th Cir. 2021) (citing 28 U.S.C. § 1332 (d)(4)(A)(i)). CAFA's discretionary exception states, "[a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed…." 28 U.S.C. § 1332 (d)(3).[1]

"Plaintiffs bear the burden of establishing that they fall within CAFA's local controversy exception." *Evans*, 449 F.3d at 1164. "CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved in favor of 'exercising jurisdiction over the case.'" *Id.* at 1163 (citing S.Rep. No. 109–14 at 42, U.S. Code Cong. & Admin. News 3, 40).

---

[1] "If those threshold requirements are met, CAFA instructs courts to consider the following six factors:

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus to the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." *Smith*, 991 F.3d at 1150.

## ANALYSIS

This Order addresses a narrow legal question: When determining the applicability of the local controversy and discretionary exceptions under CAFA, is the Court limited by the class definition in the operative complaint at the time the notice of removal is filed, or may the Court consider a revised class definition in an amended complaint filed after removal? The Eleventh Circuit has not addressed this precise question, making it an issue of first impression in this Circuit.

The Court first examines the text of the statute. CAFA requires that "[c]itizenship of the members of the proposed plaintiff classes shall be determined…as of the date of filing of the complaint or amended complaint…." 28 U.S.C. § 1332(d)(7). The language is clear on its face that Plaintiffs must establish class members' citizenship as of the date the complaint was filed. But the statute is silent as to whether "members of the proposed plaintiff classes" refers only to class members identified in the original complaint or in a complaint amended after removal. In any event, the text of the statute does not appear to prohibit consideration of an amended class definition.[2]

Ordinarily, removal jurisdiction is established at the time of removal, and post-removal amendments cannot defeat such jurisdiction. *See Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1272 (11th Cir. 2016). The Eleventh Circuit has addressed this issue with respect to CAFA jurisdiction generally, but not with respect to the local controversy exception and class definitions. For example, in *Wright Transportation*, the court considered whether federal courts that have original subject-matter jurisdiction over state-law claims pursuant to CAFA retain that jurisdiction even when the class claims are dismissed before the class is certified. *Wright Transp.*, 841 F.3d

---

[2] The text contemplates that courts may look to the "complaint or amended complaint." *Id.* (emphasis added). The Court notes that this is informative but not dispositive, as the statute does not clearly indicate whether this refers only to an amended complaint filed in state court, or one, as here, which was filed after removal.

at 1267. The court concluded that where plaintiff files suit in federal court to begin with, the federal district court retains jurisdiction even when the class claims are dismissed. *Id.*; *see also Smith v. Wynfield Dev. Co.*, 238 F. App'x 451, 55 (11th Cir. 2007) (considering only the original Complaint, not Amended Complaint, to determine whether Plaintiff brought a federal claim that was subject to removal).[3]

Defendant argues that based on these cases, the Court must find that Plaintiffs' post-removal act of amending the class definition cannot deprive the Court of CAFA jurisdiction. Defendant relies upon out-of-circuit opinions that stand for this general rule. *See, e.g.*, *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) ("CAFA means what it says—citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal."); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 967 (8th Cir. 2017) ("[T]he concept of redefining a class [via an amended complaint] to trigger the local-controversy exception seems to violate [CAFA], which says that for purposes of the local-controversy exception, class citizenship must be determined as of the date of the pleading giving federal jurisdiction.").

However, the Court, having done its own survey of caselaw nationwide, finds that Defendant ignores a key line of cases that establish an exception to the general rule that post-removal amended complaints should not be considered when analyzing jurisdiction. In *Benko v. Quality Loan Servicer*, the Ninth Circuit considered the circumstances under which the CAFA

---

[3] The Eleventh Circuit addressed a similar question in the context of class certification in *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009). There, the court found plaintiffs failed to make the necessary numerosity showing with respect to a Florida-only class but that failure to obtain class certification did not divest the district court of CAFA jurisdiction. *Vega*, 564 F.3d at 1268 n.10. The court explained, "[e]ven if it were later found that the narrowed, Florida-only class numbers fewer than 100, the § 1332(d)(5)(B) limitation applies only to 'proposed' plaintiff classes (as opposed to classes actually certified or that go to trial); jurisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction." *Id.*

local controversy exception requires remand to an originating state court. 789 F.3d 1111 (9th Cir. 2015). The court addressed "at what point in the litigation the court should ascertain whether [the defendant] is 'significant' within the meaning of 28 U.S.C. § 1332(d)(4)(A)(i)(II)." *Id.* at 1117. The Ninth Circuit held, "[w]here a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate." *Id.*

In establishing this exception to the general rule, the court found it important that "Plaintiffs here did not amend the [complaint] to eliminate a federal question so as to avoid federal jurisdiction." *Id.* Instead, "[t]he information added by the Plaintiffs [was] directly related to CAFA's local controversy exception." *Id.* The court further explained, "there is a possibility that a class action may be removed to federal court, with a complaint originally drafted for state court. The state court complaint, in turn, may not address CAFA-specific issues, such as the local controversy exception." *Id.* This exception allowing consideration of an amended complaint is necessary so that "plaintiffs can provide a federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA." *Id.*

The Ninth Circuit later addressed the *Benko* exception, noting that *Benko* "created a small exception to the general rule that bars post-removal amendments related to jurisdiction" which is limited to circumstances that would allow the "district court [to] decide whether remand to state court was appropriate under the local controversy exception." *Broadway Grill*, 856 F.3d at 1279. And the Ninth Circuit made clear that "*Benko* did not, however, strike a new path to permit plaintiffs to amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis." *Id.*

Several district courts have applied the *Benko* exception and considered clarifications in amended complaints to determine whether to remand under the local controversy exception—and one case is particularly instructive here. In *Aviles v. Quick Pick Express, LLC*, the district court had to determine whether two-thirds of the proposed class members were citizens of California for purposes of the local controversy exception to CAFA. No. CV-15-5214-MWF, 2015 WL 5601824, at *3 (C.D. Cal. Sept. 23, 2015). There, plaintiffs had not yet filed an amended complaint, but the court concluded "it would be premature to issue a final ruling on the Motion to Remand without permitting Plaintiff an opportunity to amend the Complaint and to clarify the definition of the putative class." *Id.*

Relying on the reasoning in *Benko*, the district court found "that the proposed revised class definition is to clarify the Complaint rather than to manipulate the forum." *Id.* at *5. The court concluded that there was "significant evidence that Plaintiff has sought from the outset to represent California citizens only" rather than California residents who were not citizens. *Id.* In reaching that conclusion, the court did not look to the complaint's class definitions only. Rather, the court considered the initial complaint in its entirety. The court observed, "importantly, the Complaint alleges claims against a California-based Defendant (and other California-based Defendants Does 1 to 300), asserts only claims for relief arising under California law, and the class was intended to be limited to individuals who entered into contracts with California corporations for future services in California." *Id.* (citation omitted). The court concluded, "[t]he proposed change is not a wholesale amendment aimed to manipulate the forum, and accordingly, the Court permits Plaintiff leave to amend the Complaint to clarify the jurisdictional issues that bear on this Court's determination of whether removal is appropriate." *Id.*[4]

---

[4] The court collected other cases that have "followed suit and permitted amendments in considering motions to remand when the amendments clarify certain jurisdictional facts under CAFA's local controversy

The Court finds that the *Benko* exception, as applied in *Aviles*, is directly applicable here. As in *Benko*, Plaintiffs did not amend their Complaint "to eliminate a federal question so as to avoid federal jurisdiction." *Benko*, 789 F.3d at 1111. Instead, "[t]he information added by the Plaintiffs [was] directly related to CAFA's local controversy exception." *Id.* Plaintiffs state in their Amended Motion to Remand, filed prior to amending the Complaint, that Plaintiffs' counsel "also investigated The Isles rental community that falls partially in the subject area. Plaintiffs originally intended to include only house owners in the proposed class not realizing that they have accidently included The Isles as well." Mot. ¶ 21. Plaintiffs then state, "[b]ased on the [Isles'] refusal to cooperate in the investigation, Plaintiffs are fairly certain that The Isles rental community will pursue any claim they may have through their own in-house legal team. Plaintiffs will amend their Complaint to exclude The Isles from the proposed class because they only intended to include the house owners in the proposed class." *Id.* ¶ 26.

The Court finds that this evinces Plaintiffs' intent to clarify the class definition Plaintiffs originally intended to include so the Court can properly consider the local controversy exception. The Court asked each of the parties about this issue during the hearing, and Plaintiffs confirmed this purpose; Defendant also agreed it did not believe Plaintiffs were partaking in unfair gamesmanship designed to manipulate jurisdiction.

---

exception." *Id.*; *see, e.g.*, *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014) (granting removal after amendment to "California citizens" and recognizing that "Plaintiff's amended complaint merely clarifies that his original intent was to litigate on behalf of California citizens only"); *In re Anthem, Inc.*, No. 15-CV-2873-LHK, 2015 WL 5265686, at *5–7 (N.D. Cal. Sept. 9, 2015) (granting removal after amendment to "[c]itizens of Missouri"); *Smilow v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV 15–4556–MWF(AGRX), 2015 WL 4778824, at *6 (C.D. Cal. Aug. 13, 2015) (finding it appropriate to consider plaintiff's amended complaint because "an amendment to change 'residents' of California to 'citizens' of California, in this case, would constitute a clarification" of the court's jurisdiction); *Wickens v. Blue Cross of California, Inc.*, No. 15CV834–GPC JMA, 2015 WL 4255129, at *5 (S.D. Cal. July 14, 2015) (permitting amendment when "the Complaint alleges claims against California based Defendants, alleges only California law causes of action, and the class was intended to be limited to individuals who entered into contracts with California corporations for future services in California").

Further, as in *Aviles*, the Court considers not just the original proposed class definition as compared to the amended proposed class definition, but also the Complaint as a whole.  This case involves Florida residents suing a Florida company over actions and harm that occurred only in Florida, solely based on Florida law.  *See* Compl.  This context further supports application of the *Benko* exception, which is limited to ascertaining jurisdiction under the local controversy exception.  Notably, the Complaint was originally drafted for state court, and therefore may not have fully addressed CAFA-specific issues relevant to the local controversy exception.  Given all of these factors, the Court finds it appropriate to consider the proposed class definition as provided in the Amended Complaint.

## **CONCLUSION**

In order for the Court to grant Plaintiffs' Amended Motion for Remand pursuant to the local controversy exception, Plaintiffs must provide sufficient proof of the citizenship (including residence and intent to remain in Florida) of at least two-thirds of the proposed class as defined in the Amended Complaint.  To obtain relief under the discretionary exception, Plaintiffs must provide proof of residency of at least one-third of the proposed class as defined in the Amended Complaint and address the six discretionary factors.  Based on the foregoing analysis, the Court finds that Plaintiffs' request for discovery is well taken and will shed light on the applicability of the foregoing exceptions to CAFA jurisdiction.  Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' *ore tenus* motion to conduct jurisdictional discovery based on the proposed class definition in the Amended Complaint is **GRANTED**.  Plaintiffs shall, on or before **August 7, 2023**, complete jurisdictional discovery and supplement their Renewed Motion to Remand with all evidence of Florida citizenship of class members,[5]

---

[5] This evidence shall include affidavits from two-thirds of the putative class members as discussed at the hearing.  *See Smith*, 991 F.3d at 1149 ("Courts look to various factors in determining a person's intent to

accompanied by a supplemental brief not to exceed 10 pages.  Defendant may, within **fourteen (14) days** of receiving Plaintiffs' supplemental evidence and brief, file a supplemental brief in support of its Response, also not to exceed 10 pages.  The Court will not extend these deadlines without a showing of good cause.

      **DONE AND ORDERED** in Miami, Florida this 7th day of June, 2023.

                                              **RODOLFO A. RUIZ II**
                                              **UNITED STATES DISTRICT JUDGE**

---

remain in a state, including: the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent.")